DECISION AND JOURNAL ENTRY
Defendant, Kelsey McLemore, has appealed from his conviction by the Lorain County Court of Common Pleas for aggravated trafficking in drugs. We affirm.
On December 9, 1997, Defendant was indicted on one count of aggravated trafficking in drugs, in violation of former R.C.2925.03(A)(5).[1] Following a jury trial, Defendant was found guilty and sentenced to five to fifteen years incarceration with two years actual imprisonment. Defendant timely appealed and has raised two assignments of error for review.
ASSIGNMENT OF ERROR I
 The judgment of conviction of aggravated trafficking in drugs is against the manifest weight of the evidence and contrary to law, and the trial court erred when it overruled [Defendant's] motion for acquittal pursuant to Ohio Criminal Rule 29.
 Defendant has argued that his argument was against the manifest weight of the evidence and that the evidence was insufficient to sustain his conviction. We disagree.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380,390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Becausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (emphasis sic) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Pursuant to former R.C. 2925.03(A)(5), "No person shall knowingly * * * [s]ell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount[.]" Bulk amount is defined as "[a]n amount equal to or exceeding ten grams or twenty-five unit doses of a compound, mixture, preparation, or substance that is or contains any amount of * * * cocaine[.]" Former R.C. 2925.01(E)(1).
Defendant has argued that his conviction was against the manifest weight of the evidence and based upon insufficient evidence.[2] In support of his argument, Defendant alleges that the detectives who observed the controlled buy could not see what happened inside of the car. Additionally, Defendant claims that the testimony of the confidential informant is not credible because she cooperated with the police in exchange for the dismissal of criminal charges against her. These facts do not rise to the level necessary to mandate that the conviction be reversed and a new trial ordered, nor do they support a finding that the conviction was based upon insufficient evidence.
At trial, Detective Nimon testified that the confidential informant, Aileen Goshen, contacted the police about acting as an informant against Defendant. She stated that Defendant had offered to sell her a half ounce of cocaine.[3] Ms. Goshen paged Defendant from a secure phone line at the police station. Defendant returned the page and identified himself as Kelsey. Detective Nimon testified that he recognized the voice as being Defendant's. During this call, Defendant instructed Ms. Goshen to meet him at a car wash on 35th Street and Elyria Avenue in the city of Lorain. Ms. Goshen was searched, wired and given $450. Ms. Goshen proceeded to the car wash and was followed by three unmarked police cruisers. Defendant was observed entering Ms. Goshen's vehicle. Through the wire, Detective Nimon heard Defendant and Ms. Goshen consummate the deal for a half ounce of cocaine. Defendant was then observed exiting the vehicle. Ms. Goshen drove back to the police station, turned over the evidence, and was again searched. The evidence tested positive for cocaine.
Ms. Goshen also testified at trial as to the controlled drug buy from Defendant. She stated that it was Defendant who had arranged the drug sale. Ms. Goshen gave a virtually identical account of what happened during the controlled buy as Detective Nimon.[4] Additionally, Ms. Goshen testified that after arriving at the car wash, Defendant entered her car and handed her the drugs.
Detective Edward Super, II, also testified regarding the controlled buy. Detective Super was assigned to monitor the buy in an unmarked police cruiser across the street from the car wash. Detective Super testified that he observed Defendant enter Ms. Goshen's car after she arrived at the car wash. Detective Super stated that he is familiar with Defendant as he has had previous experience in dealing with him on other police matters. In fact, the detective testified that there was absolutely no way it could have been anyone other than Defendant.
Defendant testified on his own behalf and stated that he had lost his pager at some point prior to this deal taking place. He further stated that he did not offer to sell drugs to Ms. Goshen nor was he the one who sold Ms. Goshen the drugs on the day in question. However, Defendant admitted that he has an extensive history of prior felony convictions including drug abuse, trafficking in cocaine, forgery, aggravated rioting, receiving stolen property, carrying a concealed weapon, felonious assault, assault, and intimidation.
After reviewing the record and all the evidence presented, Defendant's conviction was not against the manifest weight of the evidence. Therefore it was also supported by sufficient evidence to sustain his conviction. Defendant's first assignment of error is without merit.
ASSIGNMENT OF ERROR II
 The appellate court must reverse and remand the decision of the trial court based on ineffective assistance of counsel.
 Defendant has argued that he was denied effective assistance of counsel due to the fact that his attorney allowed him to appear before the jury wearing jail attire and that his attorney had only minimal contact with him prior to trial as evidenced by the fact that he was unaware that the trial would take place on the date established. We disagree.
The United States Supreme Court has set forth a two-part test to determine if a conviction or sentence should be reversed based upon ineffective assistance of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. First, the defendant must show that counsel's performance was deficient. Id.
To meet this standard Defendant must be able to prove, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, Defendant must then establish that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant proving "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
The Supreme Court of Ohio set out a substantially similar standard in State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, holding that "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."
Defendant has argued that his representation by trial counsel fell below the standard of reasonable representation as guaranteed by the United States and Ohio Constitutions. Defendant has first argued that his counsel was ineffective for permitting him to appear before the jury in jail attire, however, the record does not support this contention. According to the transcript, Defendant was provided the opportunity to appear in street clothes but declined that option. Therefore, these meritless allegations do not support a finding that counsel's representation fell below an objective standard of reasonable representation. Defendant has also asserted that his counsel was ineffective because he alleges that his counsel failed to meet with him regarding his representation. Defendant has failed to indicate how the outcome of his trial would have been different had additional action been taken by his counsel. Based upon Defendant's failure to point to any actions by counsel which resulted in prejudice to him, Defendant's claim of ineffective assistance of counsel lacks merit. Defendant's second assignment of error is without merit.
Defendant's first and second assignment of error are overruled and the order of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
CARR, J., WHITMORE, J., CONCUR.
[1] This offense occurred prior to the passage of Senate Bill 2, therefore Defendant was charged under the prior version of the Revised Code section.
[2] While Defendant contends that his conviction was against the manifest weight of the evidence and based upon insufficient evidence, Defendant has propounded only the standard for sufficiency. In doing so, Defendant has incorrectly asserted that this court should weigh the credibility of the witnesses testimony. The credibility of the witnesses is to be considered under a manifest weight review and not pursuant to a review for sufficiency of the evidence. However, in the interest of justice, this court shall consider both arguments.
[3] A half ounce of cocaine is equal to 14.1764 grams.
[4] All witnesses were separated during trial. Therefore, none of the witnesses heard anyone else testify prior to being called to the stand.